UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLAINFIELD SPECIALTY HOLDINGS II,
INC,

    Case No. 08-14905

  Plaintiff,

    Honorable Nancy G. Edmunds

v.

CHILDREN'S LEGAL SERVICES, PLLC
and KENNETH A. STERN,

  Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO PREVENT WASTE OF COLLATERAL TO PAY FOR DEFENDANTS' ATTORNEYS' FEES [94]**

This matter has come before the Court on Plaintiff's motion to prevent waste of collateral to pay for Defendants' legal fees [94].  Because the decision process would not be aided by oral argument, the Court will decide this motion without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).  For the reasons set forth below, Plaintiff's motion is DENIED.

**I. Background**

On April 28, 2009, this Court issued an Order Granting Plaintiff's Motion for Preliminary Injunction. *Plainfield Specialty Holdings II, Inc v. Children's Legal Servs.*, *PLLC & Kenneth A. Stern*, No. 08-14905, 2009 WL 1209465 (Apr. 28, 2009).  Having found that Plainfield had met the heavy burden required to obtain preliminary injunctive relief, the Court ordered Defendants "immediately" to "deposit all funds in which it has an interest . . . in to the lockbox account" and to "not use or disburse any such funds except

as provided for" by the Court's Order.  *Id.* at \*14.  The Court noted in its Order that, "CLS claims certain ongoing necessary business expenses and the Court intends to permit CLS to continue to pay such expenses."  *Id.* at \*15.  To that end, the Court appointed a custodian for CLS to "review and approve [CLS's] necessary business expenses such as payroll, taxes, rent, and the like and to bring any disagreements with CLS to the Court's attention prior to payment of such expenses."  *Id.* at \*15.  The Court issued an Order on May 5, 2009, pursuant to the agreement of the parties, appointing Robert Rock of AlixPartners to be the custodian for CLS.  (Docket Text # 90.)

On May 8, 2009, Plainfield filed a motion for summary judgment.  (Docket Text #91.)  Responses and Replies to this motion are currently due in August of 2009.  (*Id.*)  On May 19, 2009, Plainfield filed a motion requesting that the Court "order that no additional disbursements for attorney fees be made until that Motion is decided."  (Pl.'s Mot., at 2.)  Plainfield requests, in the alternative, that the Court: (1) prohibit CLS from incurring the cost of Ken Stern's individual legal representation; (2) limit CLS to one law firm of its choosing; and (3) instruct Defendants and the custodian that "any CLS attorney fees are to be limited to the 'essential' discovery necessary to respond to the pending Motion for Summary Judgment."  (Pl.'s Mot., at 3.)

## II. Discussion

Plainfield relies primarily for its claim that Defendant "may not employ the Collateral for use against Plaintiff in this action" on three cases interpreting the Bankruptcy Code.  (Pl.'s Mot. at 8-9 (citing *In re Blackwood Assocs. L.P. v. Fed. Home Loan Mortgage Corp.*, 153 F.3d 61 (2d Cir. 1998); *In re Flagstaff Foodserv. Corp.*, 739 F.2d 73 (2d Cir. 1984); *In re By-Rite Oil Co.*, 87 B.R. 905 (Bankr. E.D. Mich. June 13, 1988)).)  The Court finds these

cases to be inapposite. First and foremost, unlike the debtors in the cases Plainfield cites, CLS is not in bankruptcy. CLS, rather, maintains ongoing business relationships, and payment for legal services constitutes one of its ordinary business expenses. Moreover, unlike in the bankruptcy cases, there has been no *conclusive* determination regarding the enforceability of the security interest in this case.

The Court acknowledges Plainfield's concern regarding the depletion of the collateral and has instituted several measures designed to protect it, including diversion of all CLS funds into the lockbox account and appointment of a custodian. The Court, however, considers CLS's payment of legal fees to be a necessary business expense, covered by the Court's April 24, 2009 Order permitting CLS to continue paying such expenses. *See Plainfield Specialty Holdings II*, 2009 WL 1209465, at *15. And the Court declines to alter CLS's indemnification agreement with Mr. Stern; circumscribe CLS's retention of specific attorneys and law firms; or, at this time, limit CLS's discovery. Rather CLS's claimed expenses for legal representation will continue to be subject to the same careful review by the custodian as its other claimed necessary business expenses.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion is DENIED.

SO ORDERED.

                                            s/Nancy G. Edmunds
                                            Nancy G. Edmunds
                                            United States District Judge

Dated: June 19, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 19, 2009, by electronic and/or ordinary mail.

                                        s/Carol A. Hemeyer
                                        Case Manager